Taylor, Chief Justice.
 

 The circumstance that the defendant was sheriff of the county, and in the constant habit of attending the Courts the whole time of their sitting, would seem to make it likely that a letter directed to Ashborough would reach him sooner than one directed to Long’s. At the former place he was on the spot for a week at a time, and from his public duties must unavoidably have been under the necessity of calling at, or sending to the post office. At the latter place his servants only occasionally called as they went to mill, and the post master would only send letters to him as opportunity offered. This view of the case derives additional strength from the tact that the Superior Court began on the Monday following the date of the protest, and that on that day the mail bearing the notice would arrive at Ashbo-rough where the defendant then was. It would be laying down a rule of very embarrassing, if not impraticable application in this state, to compel indorsees to ascertain the nearest office, lioWevér obscure, to the indorser’s abode, while there was a public and known one at the Court House to which his business led him frequently. There are so many of these petty offices scattered through the state, some of which glimmer for a short period and
 
 *456
 
 then go out, that the inquiry into their existence would occasion more delay, than sending the notice at once to a well established office in the same county. The rules es-tafoiished on this subject, however just and convenient in commercial cities, can scarcely be usefully applied to the transactions in this state, where the parties reside at points remote from each other. But even when the rule was laid down that the notice must be sent to the post office nearest to the party, it was for the sake of carrying information to them, and upon the presumption that the nearest post office would best answer that purpose. This was the general rule, which was afterwards so modified, that a notice was held good if sent to an office to which the party usually applied for his letters, although it was in a different town from that in which he resided. And after all, the question settles down to the inquiry, not whether the notice was directed to the nearest post office to the defendant, but to that which was most likely to impart to him the earliest intelligence. Under the circumstances of this case I think it was, and that the verdict is right.
 

 The rest of the Court concurring;
 

 Judgment affirmed*